## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,         )
                                )
          v.                 )        Cr. ID No. 1202012709
                                )
ADRIENNE HINKSON       )
                                )
        Defendant.       )

Submitted: November 7, 2013
Decided: February 12, 2014

Michael B. DegliObizzi, Esquire
Deputy Attorney General
820 N. French Street, 8TH Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Louis B. Ferrara
1716 Wawaset Street
Wilmington, DE 19806
*Attorney for Defendant*

### DECISION AFTER TRIAL

On February 12, 2012, Adrienne Hinkson ("Hinkson") was arrested and subsequently charged with one count of Driving Under the Influence ("DUI"), in violation of 21 *Del. C.* § 4177, and Speeding, in violation of 21 *Del. C.* § 4169(a). Hinkson consented to an Intoxilyzer test, the results of which indicated that Hinkson's blood alcohol concentration was above the legal limit.

A non-jury trial was held on October 28, 2013. At the conclusion of trial, the Court reserved decision pending the submission of case law by defense counsel. This is the Final Decision of the Court.

### DISCUSSION

The sole issue before the Court is whether the results of the intoxilyzer test, which was admitted into evidence, is presumptive evidence that Hinkson was intoxicated.

The Court was prepared to rule from the bench at the conclusion of trial. Counsel for Hinkson wished to present citations to authority regarding the admission of the intoxylizer results. Counsel supplied the Court with *Anderson v. State*.[1] In *Anderson*, the Court held that for the results of an intoxilyzer to be admissible, calibration of an intoxilyzer must be conducted "within a reasonable temporal proximity, and the extent of the temporal proximity or remoteness would normally go only to the weight to be ascribed to this evidence, not its admissibility."[2]

Here, the results of the intoxilyzer were properly admitted into evidence, and there is nothing in the factual record to suggest that the results of the intoxilyzer were inaccurate. None of the testimony or documentary evidence presented at trial warrants a deduction of weight ascribed to the results of the intoxilyzer test, and the Court cannot disregard the results. The results of the intoxilyzer test show Hinkson's blood alcohol concentration over the legal limit, with a reading of .102%.

## CONCLUSION

The Court finds that the State has presented sufficient evidence to find Hinkson guilty of Driving Under the Influence ("DUI"), in violation of 21 *Del. C.* § 4177. Accordingly, the Court finds Defendant Adrienne Hinkson **GUILTY**. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED this 12th day of February, 2014.**

_____
The Honorable Carl C. Danberg
Judge

cc:    Diane Healy, Criminal Case Manager

---

[1] *Anderson v. State*, 675 A.2d 943 (Del. 1996).

[2] *Id.* at 943.

2